1
2
3
4
5
6
7
8
9
10
11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTIN DANIEL DIETZEN,

Defendant.

Case No.  2:24-cr-00570-WLH-55

ORDER OF DETENTION

18
19
20
21
22
23
24
25
26
27
28

On September 12, 2025, Defendant Justin Daniel Dietzen made his initial appearance on the Indictment filed in this matter. He was represented by Dave McLane of the Indigent Defense Panel. Mr. Dietzen requested a brief continuance of the detention hearing; that request was granted and Mr. Dietzen was ordered temporarily detained. At the continued detention hearing held on September 12, 2025, the Court heard the argument of the parties and ordered Mr. Dietzen detained.

The Court makes the following findings:

☒      On motion by the Government [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

☒      On motion by the Government [18 U.S.C. § 3142(f)(1)(C)] in a case that involves an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

The Court concludes that the Government is entitled to a detention hearing under § 3142(f)(1)(C) and (f)(2).

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

Mr. Dietzen is a lifelong resident of the community. He is a United States citizen with no ties outside the jurisdiction. The Court is not concerned that he will flee the jurisdiction, but it is concerned that Mr. Dietzen will appear as required. The Presentence Report reflects that Mr. Dietzen has struggled with drug addiction for three decades, and he has a criminal history that is consistent with that of a long period of addiction—numerous convictions for drug possession, drug possession in

prison, possession of paraphernalia, numerous violations of parole and bench warrants. Mr. Dietzen has a few more serious prior convictions, including robbery and firearm possession, but they are fairly stale.

In September 2024, Mr. Dietzen was charged with trespassing. It appears this conviction related to an instance when his ex-partner and the mother of his child attempted to remove him from the house. This charge was only resolved recently, and resulted in the issuance of protection order for the ex-partner. Mr. Dietzen's ex-partner is now supportive of his bail, however, and is not concerned about his release to the community. She attributes this change of heart to progress Mr. Dietzen has made, recently, in address his addiction. Between April and July 2025, Mr. Dietzen lived at a sober living home. He was routinely testing negative, and attending daily NA meetings. The director of the sober living home and Mr. Dietzen's sponsor each wrote heartfelt letters attesting to the change they had seen in him, and to the hard work he was putting into his sobriety.

Mr. Dietzen was arrested in July 2025, and was briefly in state custody addressing the above trespassing charges, charges that, importantly, predated his period of testing clean. The director confirmed that Mr. Dietzen could return to the sober living home, and that he would serve as a third-party custodian of Mr. Dietzen.

Mr. Dietzen's family were asked and, perhaps due to his history of addiction, were unwilling, at this juncture, to serve as a surety. The proposal, therefore, was that Mr. Dietzen sign an appearance bond, and that he return to the sober living home, with the director of the facility serving as a third-party custodian.

The Court concluded that neither these conditions nor any other conditions that could be set would be sufficient to ensure the safety of the community or Mr. Dietzen's appearance as required by the Court. It may be that a clean Mr. Dietzen does not present a significant risk of nonappearance or of danger to the community. And Mr. Dietzen has made significant and laudable progress toward getting clean; the Court does not minimize it. Still, given the lengthy period of the addiction and

the relatively short period of sobriety, the Court is not reassured by the conditions proposed by the defense.

IT IS THEREFORE ORDERED that Mr. Dietzen be detained until trial. He should be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. 18 U.S.C. § 3142(i).

Dated: September 18, 2025

_____
/s/
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE